**SO ORDERED.**

**SIGNED this 15 day of June, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

**KRISTOPHER JOHN SURRATT,**

        Debtor.                                 Case No. 05-08137-8-JRL
                                                           Chapter 13

_____

**ORDER**

This case is before the court on the debtor's motion to modify the confirmed Chapter 13 plan. On June 7, 2007, the court conducted a hearing on this matter in Wilson, North Carolina.

The debtor seeks to modify his plan to reduce his plan payments. The confirmed plan calls for 60 payments of $425.00. The debtor wants to modify the plan to pay $425.00 for 18 months then $250.00 for 42 months. In June 2006, the debtor sustained an injury to his left knee, which prevented him from continuing his employment with a siding company. He was no longer able to lift heavy items, which prevented him from being able to perform his job. In August 2006, the debtor became a full-time student at Coastal Community College. The debtor has completed three semesters of courses and will be pursuing a two-year associate degree this fall. The debtor receives $850.00 a month in education benefits through the Veterans Administration as a result of his father's service

1

in the military. The education benefits are his sole income. The debtor has a wife and one-year-old child. The debtor's wife suffers from seizures and does not work. The debtor and his family have reduced their expenses by living with the debtor's parents.

Thomas German, un unsecured creditor, objects to the motion to modify the plan. On January 31, 2006 through February 1, 2007, the court conducted a hearing on Thomas and Teri German's objection to confirmation. At the hearing, the debtor testified that he intended to surrender a 2003 Dodge Ram pickup truck. Mr. German asserts that the debtor failed to surrender the Dodge Ram. If the Dodge Ram was surrendered, Mr. German believes the debtor would have additional funds to contribute towards plan payments. The debtor testified that he had surrendered the pickup in April 2007. When asked why it did not occur sooner, the debtor said he had difficulty processing the surrendering of the vehicle with the creditor.

In considering a post-confirmation modification to reduce payments under 11 U.S.C. § 1329, the court must determine whether "the debtor experienced a substantial and unanticipated change in his post-confirmation financial condition." In re Murphy, 474 F.3d 143, 150 (4th Cir. 2007). If the debtor had decided to attend school rather than continue his employment with the siding company, the court could not find a substantial, unanticipated change in the debtor's financial condition. However, the debtor experienced a significant injury to his knee that rendered him unable to do the kind of physical labor necessary for his job with the siding company. The court finds that the debtor's change to his financial condition was substantial and unanticipated, as his knee injury prevented him from continuing physical labor. Moreover, because the debtor had only obtained a high school degree, the debtor's alternative employment options would have been limited if he had chosen to pursue them in lieu of attending school. The court finds that the modification complies

with other applicable provisions of Chapter 13.

Based on the foregoing, the court grants the debtor's motion to modify the plan to reduce payments to $250.00.

END OF DOCUMENT